## FEDERAL DEPOSIT INS. CORPORATION v. DEATON.

### No. 1825.

Circuit Court of Appeals, Tenth Circuit.

July 10, 1939.

M. W. McKenzie, of Oklahoma City, Okl. (Francis C. Brown, of Washington, D. C., and J. H. Everest and Everest, McKenzie & Gibbens, all of Oklahoma City, Okl., on the brief), for appellant.

C. D. Ellison, of Oklahoma City, Okl. (E. H. Gipson, of Sayre, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

W. F. Conway commenced this action in the District Court of the United States for the Western District of Oklahoma against the Federal Deposit Insurance Corporation to recover the sum of $5,000 upon a certificate of deposit issued to him on the 21st day of December, 1934, by the First State Bank of Cheyenne, Oklahoma, alleging that the corporation was organized under the laws of the United States for the purpose, among other things, of insuring or guaranteeing the payment of deposits to depositors in certain qualified banks, and that the Cheyenne bank met the requirements of the statute relative to such insurance of its deposits, and that at the time the Cheyenne bank closed its doors the corporation became obligated to the said Conway and other such depositors because the deposits in the said bank were insured against loss to the extent authorized by law.

Conway was a resident and citizen of Los Angeles, California, at time of commencement of the action, and the defendant corporation was then organized and existed under the laws of the United States, with its principal place of business at Washington, D. C., and doing business in Oklahoma. He having died, the case was duly revived and continued in the name of Harold H. Deaton, administrator of his estate.

The trial court having jurisdiction, and a jury having been duly waived by all parties, the case was tried by the court.

Neither did the defendant controvert the evidence as to the finding that Harold H. Deaton was the duly qualified administrator of the estate of W. F. Conway, deceased, nor that the defendant, Federal Deposit Insurance Corporation, existed under Act of Congress, with its principal place of business in Washington, D. C., and was doing business within the state of Oklahoma, or that the First State Bank of Cheyenne, Oklahoma, was a banking institution existing under the laws of the State of Oklahoma, with its principal place of business at Cheyenne, Oklahoma, and that it was closed by proper order of the State Bank Commissioner, because of insolvency on March 25, 1935, or that during the calendar year 1934 and until a time subsequent to the closing of said First State Bank of Cheyenne, the defendant was insurer of "deposit liabilities" of said bank, including specifically deposit liabilities represented by time certificates of deposit, to the net amount of $5,000 to any one owner of such deposit liability, or that all proper steps have been taken to subject the defendant to its liability to plaintiff if the time certificate of deposit involved herein constituted a "deposit liability" of the First State Bank of Cheyenne at the time of its closing, the sole question for determination herein being whether such transaction constituted a deposit liability.

On or about December 15, 1934, the deceased, W. F. Conway, plaintiff's intestate, drew a check on his account in the First National Bank of Elk City, Oklahoma, in the sum of $5,000 payable to the order of the First State Bank of Cheyenne, Oklahoma, to cover a certificate of deposit in said amount, which was delivered by said intestate to A. L. Thurmond, president of said Elk City Bank, with instructions and directions to deposit said check in said Cheyenne bank for him, and to procure as evidence of said deposit, a certificate of deposit to be issued by the First State Bank of Cheyenne in the amount of $5,000, payable to the order of W. F. Conway, three months from date thereof, to bear interest at the rate of three per cent per annum. A liquidation credit of ten per cent on such deposit liability was admitted.

The trial court found that the said Thurmond took intestate's check and delivered and deposited same on or about December 21, 1934 with said Cheyenne bank, according to instructions and directions given to him by said intestate, and that upon receipt of said check said Cheyenne bank stamped its endorsement thereon, and then issued its certificate of deposit therefor, number 929, payable to the order of the intestate in the amount of $5,000, due March 21, 1935, bearing 3% interest, delivering said certificate to said A. L. Thurmond for delivery to intestate, and said Thurmond did accordingly deliver said certificate of deposit to said intestate who retained the same in his possession until subsequent to the time the First State Bank of Cheyenne closed its doors.

The court also found that subsequent to the issuance of the certificate of deposit payable to order of the intestate by the said Cheyenne bank, and its delivery by said Cheyenne bank to Thurmond for subsequent delivery to intestate, the said First State Bank of Cheyenne had certain dealings with said Thurmond as an officer of the First National Bank of Elk City, and thereafter, instead of drawing another check against said Cheyenne bank in favor of the First National Bank of Elk City on account of said subsequent dealings it merely delivered the said intestate's check, endorsed by said Cheyenne bank, to said Thurmond as an officer of the said Elk City bank in payment of certain obligations to it and also in payment of a certain note owned by the said Elk City bank, by way of purchase of same, which note was subsequently paid in full to the said Cheyenne bank, and further that there is no evidence in the record that the obligations of the Cheyenne bank, which it then and there discharged, were not the lawful obligations of said Cheyenne bank. The court further found that of these transactions by the Cheyenne bank and the Elk City bank, the intestate had absolutely no knowledge, nor had he authorized Thurmond to do anything with his check payable to the Cheyenne bank other than to deposit same and procure a certificate of deposit as evidence thereof.

The court found that intestate's check to the Cheyenne bank was subsequently and in due course paid by, and the amount thereof charged to said intestate's account in, the said Elk City bank, and that said check constituted the commercial equivalent of money and that said intestate intended to make such deposit thereof relying upon the insurance protection offered by said defendant, and the trial court further found that there was no collusion, bad faith, or fraud attributable in any way to intestate, and that there was nothing in any way unusual in the method adopted by intestate in making this deposit, since Thurmond had been his banker for many years and had offered to make said deposit for intestate during a contemplated trip to Cheyenne, Oklahoma, within the next few days.

On all the issues as found by the court against defendant, and in favor of plaintiff, such finding is sustained by substantial evidence. The Deposit Act, 6 Okl. St.Ann. § 181 et seq., provided that the insured banks would pay a certain sum of money based upon "deposit liabilities." The item under issue was reflected on the books of said insured bank as "deposit liabilities." The defendant admits that the deposit liabilities of the Cheyenne bank were insured by it. The trial court found that such deposit was made with the Cheyenne bank as contended on the part of intestate's appellee. The records of the bank and the certificate show that such deposit was made. As to the contention on the part of the defendant that on account of the alleged fraudulent acts of said Thurmond and of Higgins on the part of the Cheyenne bank, the said intestate is constructively bound by same, the trial court found the issue of fact thereon against the defendant and in favor of plaintiff. Such findings of fact on the part of the court in favor of plaintiff and against the defendant are sustained by substantial evidence.

680

The trial court found that such deposit was made in good faith and without fraud and that the transaction herein questioned by defendant constituted "deposit liability" of the First State Bank of Cheyenne and as such was insured or guaranteed by the defendant, Federal Deposit Insurance Corporation, under Section 12B of the Federal Reserve Act, as amended, 12 U.S.C.A. § 264. All such findings on the part of the trial court being supported by substantial evidence has the force and effect as if made through the verdict of a jury under proper instructions on the issues and may not be disturbed here on appeal.

The judgment is affirmed.